# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Infinite Data, LLC, | ) |
| | ) |
| Plaintiff, | )   Civil Action No. _____ |
| | ) |
| v. | ) |
| | )   **JURY TRIAL DEMANDED** |
| The Clorox Company, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Infinite Data, LLC ("Infinite Data") makes the following allegations against Defendant The Clorox Company ("Defendant"):

### PARTIES

1. Plaintiff Infinite Data, LLC is a Delaware limited liability company.

2. On information and belief, Defendant The Clorox Company is a Delaware corporation with its principal office at 1221 Broadway, Oakland, California 94612-1888. Defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

### JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including § 271.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because, among other reasons, Defendant is incorporated under the laws of the State of Delaware, has done business in this District, has committed and continues to commit acts of patent infringement in this District, and/or has harmed and continues to harm Infinite Data in this District, by, among other things, using, selling, offering for sale, and/or importing infringing products and services in this District.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because, among other reasons, Defendant is subject to personal jurisdiction in this District, and has committed and continues to commit acts of patent infringement in this District. On information and belief, for example, Defendant has used, sold, offered for sale, and/or imported infringing products in this District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,790,530

6. United States Patent No. 5,790,530 ("the Infinite Data Patent" or "the '530 Patent") was invented by Sang-Man Moh, Sang-Seok Shin, and Suk-Han Yoon of the Electronics and Telecommunications Research Institute ("ETRI"). ETRI is the national leader in Korea in the research and development of information technologies. Since its inception in 1976, ETRI has developed new technologies in 4M DRAM computer memory, CDMA and 4G LTE cellular phone communications, LCD displays, as well as large-scale computer storage, the technology at issue in this case. ETRI employs over 1730 research/technical staff, of whom 93% hold a post-graduate degree and 41% have earned a doctoral degree in their technological field. Over the last five years, ETRI has applied for a total of 18,639 patents, has contributed 7,548 proposals that have been adopted by international and domestic standard organizations, and has published over 1,300 articles in peer-reviewed technology publications.

7. Infinite Data is the exclusive licensee of the '530 Patent, entitled "Message-passing multiprocessor system." The application for the Infinite Data Patent was filed on December 15, 1995, with a priority date of at least November 18, 1995. The patent issued on August 4, 1998. Pursuant to Infinite Data's exclusive license, Infinite Data has all substantial rights regarding the '530 Patent, including the exclusive right to bring suit for infringement of the '530 Patent. A true and correct copy of the Infinite Data Patent is attached as Exhibit A.

8. Defendant has been and now is directly infringing one or more claims of the Infinite Data Patent, in this judicial District and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling network computer system

products and services that use Remote Direct Memory Access (RDMA). The infringing products and services include, for example, networked computer systems operating according to the InfiniBand specification.

9. Upon information and belief, Defendant has been and now is directly infringing the Infinite Data Patent, in this judicial District and elsewhere in the United States, by, for example, in message-passing computer systems in which a plurality of source nodes and destination nodes are connected with one another through an interconnection network for communicating messages, and more than one of processors and a local shared memory, which are connected with one another through a node bus, are connected through a network interface to the interconnection network, practicing a method of transmitting messages at the source nodes therein comprising the steps of: a) requesting transfer of the messages to the network interface at the source node by the processor at the source node, wherein the requesting step a) comprises the step of storing control message or data transfer information of data message into the temporary storage means for transmission in the network interface at the source node by the processor at the source node in order to request the transfer of the messages; b) reading out the data portion of data message to be transferred from the local shared memory by the network interface at the source node; c) packetizing the messages by the network interface at the source node to produce a message packet and transfer the message packet to the destination node; d) receiving an acknowledgement packet from the destination node by the network interface at the source node; and e) enabling a transfer completing interrupt. Upon information and belief, Defendant has practiced the claimed method by using the InfiniBand interconnection technology, which infringes the '530 Patent.

10. To the extent that facts learned in discovery show that Defendant's infringement of the '530 Patent is or has been willful, Infinite Data reserves the right to request such a finding at the time of trial.

11. By engaging in the conduct described herein, Defendant has injured Infinite Data and is thus liable for infringement of the '530 Patent pursuant to 35 U.S.C. § 271.

12. Defendant has committed these acts of infringement without license or authorization.

13. As a result of Defendant's infringement of the '530 Patent, Infinite Data has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, and Infinite Data will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

14. Infinite Data has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '530 Patent.

## **PRAYER FOR RELIEF**

Infinite Data respectfully requests that this Court enter:

A. A judgment in favor of Infinite Data that Defendant has infringed, directly and/or indirectly, the '530 Patent;

B. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the Infinite Data Patent, or such other equitable relief the Court determines is warranted;

C. A judgment and order requiring Defendant to pay Infinite Data its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the Infinite Data Patent as provided under 35 U.S.C. § 284;

D. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Infinite Data its reasonable attorneys' fees against Defendant;

E.  A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Infinite Data, including without limitation, pre-judgment and post-judgment interest; and

F.  Any and all other relief to which Infinite Data may be entitled.

## DEMAND FOR JURY TRIAL

Infinite Data, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: February 19, 2013

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff Infinite Data, LLC*

Of Counsel:

Alexander C.D. Giza
Marc A. Fenster
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
agiza@raklaw.com
mfenster@raklaw.com